IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-04-CR-0136-M(02) |
| | § | NO. 3-05-CV-2337-M |
| RICHARD M. JIMINEZ | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendant Richard M. Jimenez, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be summarily denied.

I.

Defendant pled guilty to conspiracy to possess with intent to distribute approximately 186 kilograms or more of marijuana in violation of 21 U.S.C. § 846 & 841(a)(1). At sentencing, the trial judge found that defendant possessed a firearm during or in relation to the offense, which resulted in a two-level enhancement under the federal sentencing guidelines.[1] Punishment was assessed at 78 months confinement followed by supervised release for a period of four years. No appeal was taken. Instead, defendant seeks post-conviction relief pursuant to 28 U.S.C. § 2255.

---

[1] The base offense level for a conspiracy involving at least 100 kilograms but less than 400 kilograms of marijuana is 26. *See* U.S.S.G. § 2D1.1(c)(7). Here, defendant received a two-level increase for possession of a firearm and a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 25. *See id.* § 2D1.1(b)(1) (firearm enhancement) & § 3E1.1 (reduction for acceptance of responsibility). The guideline range at this level for a defendant in Criminal History Category II is 63-78 months in prison. *Id.*, Table.

II.

In his sole ground for relief, defendant contends that he received ineffective assistance of counsel because his attorney did not object to a two-level sentencing enhancement for possession of a firearm--a fact that was neither alleged in the indictment nor proven to a jury beyond a reasonable doubt

A.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a defendant must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, the defendant must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *Id.*, 104 S.Ct. at 2064. The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." *United States v. Herrera*, 412 F.3d 577, 580 (5th Cir. 2005), *quoting United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). Second, the defendant must prove that he was prejudiced by his attorney's substandard performance. *Strickland*, 104 S.Ct. at 2067. Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 2068; *see also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or

proceeding fundamentally unfair due to deficient performance of counsel).

B.

Defendant criticizes his attorney for failing to object to any increase in his base offense level based on facts found by the trial judge at sentencing. This claim implicates two recent Supreme Court decisions--*Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). In *Blakely*, a majority of the Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. *Booker* extends that holding to invalidate the mandatory nature of the federal sentencing guidelines. *Booker*, 125 S.Ct. at 755-56.

Although *Blakely* was decided more than four months before defendant was sentenced on November 5, 2004, the constitutionality of the federal sentencing scheme was not resolved until the *Booker* opinion was released on January 12, 2005. This was well past the deadline for defendant to appeal his sentence on that ground. Moreover, at the time defendant was sentenced, Fifth Circuit precedent did not recognize a *Blakely*-challenge to the federal guidelines. *See United States v. Pineiro*, 377 F.3d 464 (5th Cir. 2004), *cert. granted and jmt. vacated*, 125 S.Ct. 1003 (2005). "In the absence of any Supreme Court opinion expressly rejecting the constitutionality of the Federal Sentencing Guidelines, [counsel's] failure to raise this argument does not make his performance constitutionally ineffective." *Esquivel v. United States*, No. EP-05-CA-0100-FM, 2005 WL 1750383 at *4 (W.D. Tex. Jul. 26, 2005); *see also Lunsford v. United States*, No. 9-05-CV-48, 2005 WL 2662740 at *3 (E.D. Tex. Oct. 18, 2005) ("[C]ounsel is not required to be clairvoyant or to anticipate future changes in the law in preparing his defense.").

**RECOMMENDATION**

It plainly appears from the face of the motion and the record of prior proceedings that defendant is not entitled to relief. Accordingly, his motion to correct, vacate, or set aside sentence should be summarily denied. *See* Rule 4(b), Rules Governing Section 2255 Cases.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED:  December 5, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE